IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| W.P. Individually and on Behalf of and as Parent and Natural Guardian of E.P. and W.T."H."P., ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) | Civil Action No. 04-1562 |
| WESTMORELAND COUNTY, PENNSYLVANIA, et al, ) ) ) ) | |
| Defendants. ) | |

## ORDER

Discovery was originally set to end in this case on August 1, 2006. After discovery closed the Court set a post-discovery Scheduling Conference for January 18, 2006. However, the parties informed the Court that certain discovery remained to be completed and that a post-discovery conference would be premature. Although neither party thought to file a motion to extend discovery at anytime before August 1, 2006, discovery was extended until March 30, 2007. Now, with the close of discovery looming, and with an ongoing deposition of the Plaintiff scheduled for March 19, 2007, Defendant has filed two discovery motions: Defendants' Motion to Compel Discovery Responses from Plaintiff (Doc. 42) and Defendants' Motion to Compel Plaintiff to Execute an Authorization (Doc. 43). Plaintiff's counsel telephoned the Court indicating that although she wanted to reply to the motions to compel, she was unable to file a reply due to her presence in other depositions. We can decide the motions without a reply.

1.

According to Defendants, they served Interrogatories and Requests for Production of Documents on April 11, 2006. Defendants also served Expert Witness Interrogatories on

November 20, 2006. Plaintiff has not responded to these requests despite the length of time discovery has been ongoing, nor has Plaintiff sought a protective order under Federal Rule of Civil Procedure 26(c). Plaintiff shall respond appropriately and completely to Defendants' discovery requests. If Plaintiff fails to respond appropriately, upon motion of the Defendants the court will consider sanctions.

**2.**

Regarding the second motion to compel, Defendants learned during the deposition of Plaintiff that he has submitted a disability claim with his insurance company based on alleged psychological damage. In the instant action Plaintiff claims damages based on alleged psychological damage suffered as a result of Defendants' actions in the instant case. Defendants therefore sought to have Plaintiff execute an authorization so that Defendants could obtain the relevant files from Plaintiff's insurance company. Plaintiff has repeatedly refused to execute said authorization.

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . . The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Under this standard Defendants' request for the relevant disability-related material is legitimate, and thus their request for Plaintiff to execute an authorization to permit them to obtain this material is also legitimate. Plaintiff shall execute an appropriate authorization.

The following Order is hereby entered.

AND NOW, to-wit, this _14th_ day of March, 2007, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. Defendants' Motion to Compel Discovery Responses from Plaintiff (Doc. 42) be and hereby is GRANTED. Plaintiff shall serve full and complete responses to Defendants' discovery requests no later than March 16, 2007. If Plaintiff fails to comply with this Order, upon motion of the Defendant the court will consider whether sanctions are appropriate in accordance with Federal Rule of Civil Procedure 37, **Failure to Make Disclosure or Cooperate in Discovery: Sanctions**.

2. Defendants' Motion to Compel Plaintiff to Execute an Authorization (Doc. 43) be and hereby is GRANTED. Plaintiff shall execute an authorization for the Defendants to obtain the relevant disability insurance file from his insurance carrier no later than March 16, 2007.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc:     counsel of record